UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GARY R. CONWAY,<br><br>                 Plaintiff,<br>     v.<br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                 Defendants. | Case No. 3:19-cv-00019-MMD-CLB<br><br>*Related case*<br>Case No. 3:19-cv-00128-MMD-CLB<br><br>ORDER |

On March 2, 2020, the Court ordered Plaintiff Gary R. Conway to show cause ("OSC") why this case should not be dismissed as duplicative of claims encompassed in Case No. 3:19-cv-00128-MMD-CLB ("Second Case").[1] (ECF No. 31.) The OSC detailed the differences between this case and the Second Case so the Court will not repeat them here. Most importantly, Plaintiff has responded to the OSC and agrees that the single claim in this case is duplicative of the claim for Eighth Amendment deliberate indifference to a serious medical need asserted in the Second Case against more Defendants. (ECF No. 35 at 2.)[2] It appears then that the only meaningful difference pertinent to the dismissal of this action is that upon screening in this case Plaintiff was permitted to further amend his complaint to add any John Doe officials at NDOC as potential defendants once he discovers their true identities. (ECF No. 5 at 7.) However, the difference is resolved by the Court permitting amendment in the Second Case. The Court therefore sees no reason

///

---

[1]The OSC was erroneously titled "Screening Order."

[2]To the extent Plaintiff notes that the claims were alleged against two separate entities—the Nevada Department of Corrections ("NDOC") and Esmeralda County Sheriff's Office—the Court notes that these entities were dismissed upon screening. NDOC was dismissed with prejudice (ECF No. 5 at 7) and the Court further explains the dismissal of the sheriff's office below.

why this case should not be dismissed in an effort to control its docket as explained in the OSC.

Separately, in response to the OSC, Plaintiff expresses his belief that Defendant Esmeralda County Sheriff's Office ("ECSO") should be added back as a Defendant to his lawsuit. (ECF No. 35 at 2.) The claim against the ECSO for inadequate medical care under the Fourteenth Amendment's Due Process Clause was dismissed *without prejudice* in the Second Case because Plaintiff did not allege that his constitutional deprivations were a product of a policy or custom of the ECSO. (*See* 3:19-cv-00128-MMD-CLB (ECF No. 6 at 7, 10).) Nothing in Plaintiff's response to the OSC suggests that Plaintiff could allege that his claim(s) against the ECSO is grounded on a policy or custom. Therefore, there is no basis to permit further amendment to add ECSO back into Plaintiff's lawsuit.

It is therefore ordered that this case is dismissed as duplicative of Case No. 3:19-cv-00128-MMD-CLB.

It is further ordered that to the extent Plaintiff may have identified further John Does as defendants to the claim for Eighth Amendment deliberate indifference to a serious medical need he is permitted leave to amend the complaint in Case No. 3:19-cv-00128-MMD-CLB to add them. Plaintiff will have 15 days from when this order is filed to make any such amendments. Failure to amend within this timeframe will result in Case No. 3:19-cv-128-MMD-CLB proceeding as is.

The Clerk of the Court is directed to close Case No. 3:19-cv-00019-MMD-CLB.

The Clerk of the Court is further directed to also file this order in Case No. 3:19-cv-00128-MMD-CLB.

DATED THIS 13th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE